UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL MITURA,

                                 **Plaintiff,**

  vs.                                                 5:22-CV-01272
                                                         (MAD/ML)

THE STATE OF NEW YORK,

                                 **Defendant.**
_____

APPEARANCES:                                 OF COUNSEL:

**PAUL MITURA**
5139 Old Barn Road
Clay, New York 13041
Plaintiff, *Pro Se*

**NEW YORK STATE ATTORNEY**         WILLIAM A. SCOTT, AAG
**GENERAL – ALBANY**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    *Pro se* Plaintiff Paul Mitura ("Plaintiff") commenced this civil rights action against Defendant on November 30, 2022, asserting claims related to his divorce, which was issued by the Onondaga County Supreme Court in November 2020. *See* Dkt. No. 1.

    Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint in its entirety, *see* Dkt. No. 13-1, Plaintiff's response in opposition to Defendant's motion, *see* Dkt. No. 14, and Defendant's reply to Plaintiff's response, *see* Dkt. No. 16.

## II. BACKGROUND

On November 24, 2020, Judge Martha E. Mulroy of the Onondaga County Supreme Court issued a divorce decree to Plaintiff and his former spouse. *See* Dkt. No. 13-3. In the decree, Judge Mulroy awarded Plaintiff's former spouse "her marital share of Plaintiff's military pension pursuant to *Majauskas v. Majauskas*, 61 N.Y.2d 481 (1984)." *Id*. at 4.

In his complaint dated November 30, 2022, Plaintiff claims Judge Mulroy violated 10 U.S.C. § 1408,[1] the Uniformed Services Former Spouses Protection Act ("USFSPA"), by awarding a portion of Plaintiff's "Veteran's Administration Compensation, Social Security Disability Insurance, inheritance, and estate funds" to Plaintiff's former spouse. Dkt. No. 1 at 2; *see* Dkt. No. 1-2. Plaintiff argues that these assets are separate property—not marital. *See* Dkt. No. 1 at ¶ 1. Additionally, Plaintiff claims he "made several attempts to appeal this case with the New York State Court of Appeals, Fourth Judicial Department, and the New York State Court of Appeals, neither of which would allow [him] to appeal." Dkt. No. 1 at 2-3.

Defendant argues that Plaintiff's complaint must be dismissed because (1) the complaint fails to state a cause of action; (2) the claim is barred by the Eleventh Amendment; and (3) his claims against Judge Mulroy are barred by the *Rooker-Feldman* doctrine and the doctrine of judicial immunity. *See* Dkt. No. 13-1 at 5. In response, Plaintiff contends that he has stated "the [c]ause of [a]ction multiple times, in that federally protected property was awarded as marital property in a divorce." *See* Dkt. No. 14 at 1. Specifically, Plaintiff argues that the USFSPA exempts Veterans Affairs ("VA") disability pay from division in a divorce. *See id.* Plaintiff also states that "similar laws" preclude the division of "Social Security Disability Insurance, Estate

---

[1] Section 1408 is titled "[p]ayment of retired or retainer [military] pay in compliance with court orders," although Plaintiff did not point to any specific provision within the statute. 10 U.S.C. § 1408; *see* Dkt. No. 1-2.

2

Funds, and Inheritance." *Id.* at 1-2. Plaintiff clarifies that he is seeking approximately $56,000, which he alleges is the sum unjustly awarded to his former spouse in the divorce. *See id.* at 2. In addition, Plaintiff purports to respond to Defendant's assertion of judicial immunity by referencing the Supremacy Clause, stating, "federal law will almost always prevail when it interferes with or conflicts with state law." *Id.* at 3. Specifically, Plaintiff asserts that Judge Mulroy violated the USFSPA by dividing the abovementioned assets in accordance with New York State law. *See id.*

### III. DISCUSSION

A.  **Standard of Review**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Dutrow v. New York State Gaming Commission*, No. 13-CV-996, 2014 WL 11370355, *3 (E.D.N.Y. July 29, 2014), *aff'd*, 607 Fed. Appx. 56 (2d Cir. 2015). A motion seeking dismissal under the Eleventh Amendment or the *Rooker-Feldman* doctrine is properly considered under Rule 12(b)(1). *See Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019); *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018).

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([*i.e.,*] subject-matter jurisdiction)." *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When subject matter jurisdiction is challenged,

3

a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citing *Makarova*, 201 F.3d at 113).

In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* In resolving a Rule 12(b)(1) motion, a court may also "consider 'matters of which judicial notice may be taken.'" *Greenblatt v. Gluck*, No. 03 Civ. 597, 2003 WL 1344953, *1 n.1 (S.D.N.Y. Mar. 19, 2003) (quoting *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1992)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the

4

pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to nor incorporated by reference into the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the . . . complaint must be dismissed." *Id.* at 570.

**B.     Application**

Defendant argues that "[t]here is no explanation how any of the events surrounding Plaintiff's divorce from his spouse rise to a federal issue." Dkt. No. 13-1 at 6. In response, Plaintiff states his cause of action "in that federally protected property was awarded as marital property in a divorce" and "the [USFSPA] exempts VA disability payments from division upon divorce." Dkt. No. 14 at 1.

5

Pursuant to 28 U.S.C. § 1331, an action may be filed in federal court if the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The USFSPA does not expressly create a federal cause of action. *See generally* 10 U.S.C. § 1408; *see also Reyes v. Reyes*, No. 11-CV-2536, 2011 WL 3625562, *2 (E.D.N.Y. Aug. 16, 2011) (finding the plaintiff cannot invoke subject-matter jurisdiction of the federal court pursuant to the USFSPA because the statute does not create a federal cause of action). Rather, 10 U.S.C. § 1408(c)(1) gives states the authority to treat disposable military retired pay as either separate or marital property in accordance with the law of such state. *See* 10 U.S.C. § 1408(c)(1). Further, Plaintiff's claims do not require the resolution of a substantial question of federal law. *See Bracey v. Bd. of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004). Thus, this Court does not have jurisdiction over Plaintiff's 10 U.S.C. § 1408 claim.

Defendant argues that Plaintiff's complaint fails to provide explanation as to what federal law was violated or specify the property at issue beyond stating that it was "separate, and not marital." *See* Dkt. No. 13-1 at 6; Dkt. No. 1 at 2. Additionally, Defendant argues that Plaintiff has not stated a recognized cause of action. *See* Dkt. No. 13-1 at 6. In response, Plaintiff argues that his explanation "has been extensive in [his] attempted appeals" and his initial complaint. Dkt. No. 14 at 1.

There is no federal cause of action for challenging the judgment of a state court divorce proceeding or state judgments more generally. *See Badwal v. Badwal*, 756 Fed. Appx. 101, 102 (2d Cir. 2019). To the extent that Plaintiff's claim purports to challenge the Onondaga County Supreme Court's decision in his divorce proceeding, such a claim fails to state a short and plain statement showing that he is entitled to relief as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

6

Similarly, to the extent Plaintiff is attempting to assert Section 1983 claims, the Eleventh Amendment bars such claims as the State of New York has not consented to suit in federal court and Congress has not abrogated the state's immunity from Section 1983 claims.[2] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens, unless (1) the state consents to be sued, or (2) Congress validly abrogates the state's immunity." *Ross v. City Univ. of New York*, 211 F. Supp. 3d 518, 525 (E.D.N.Y. 2016) (citing *Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). The Eleventh Amendment bars Section 1983 claims against the State of New York. *See Brokamp v. James*, 573 F. Supp. 3d 696, 707 (N.D.N.Y. 2021) (citing *Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999)), *aff'd*, 66 F.4th 374 (2d Cir. 2023). Accordingly, as the only named Defendant in this case is the State of New York,[3] and the State has not waived its sovereign immunity, the Court agrees that Plaintiff's claims must be dismissed. *See generally* Dkt. Nos. 1, 13.

Finally, to the extent that Plaintiff is challenging the state court's final order or judgment in the divorce proceeding determining the property at issue is marital property, the claim is prohibited by the *Rooker-Feldman* doctrine. *See Osuagwu v. Home Point Financial Corp.*, No.

---

[2] In his response to Defendant's pre-motion letter, Plaintiff addresses Defendant's Eleventh Amendment assertion, contending that the Supremacy Clause supports his claim. *See* Dkt. No. 11 at 1, 2. This convoluted claim that the Supremacy Clause supports an action against the State of New York is misguided. The Eleventh Amendment makes clear that with very limited exceptions, a state may not be sued in federal court. *See* U.S. Const. amend. XI.

7:22-cv-3830, 2022 WL 1645305, *7 (S.D.N.Y. May 24, 2022) (citing cases finding that the plaintiff's challenge to a divorce decree awarding marital property is precluded by the *Rooker-Feldman* doctrine). The fact that Plaintiff contends that his rights under federal law have been violated by the state court's order do not change this result. *See Oxman v. Oxman*, No. 3:16-CV-1304, 2017 WL 4078114, *3-4 (D. Conn. Sept. 13, 2017) (holding that the *Rooker-Feldman* doctrine prohibited claims "couched in terms of fraud and violations of constitutional rights, [because it was] apparent that the injuries the plaintiff claims she has sustained all relate back to the Judgment of the New York Supreme Court entered in the plaintiff's divorce case . . . and the consequences flowing from that Judgment, *e.g.*, the transfer of . . . property").

**C.    Leave to Amend**

The Second Circuit has clearly stated that "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks omitted). However, leave may be denied "where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile." *Harrison v. New York*, 95 F. Supp. 3d 293, 305 (E.D.N.Y. 2015). An amendment of a pleading is considered "futile" when the proposed new claim would not withstand a motion to dismiss. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Here, Plaintiff's complaint is subject to dismiss on jurisdictional grounds, which will not be cured through better pleading. For this reason, any attempt to amend the claim against

---

[3] Even assuming Plaintiff is attempting to assert claims against Judge Mulroy, these claims are barred by the doctrine of judicial immunity. *See Cinotti v. Adelman*, 709 Fed. Appx. 39, 41 (2d Cir. 2017).

8

Defendant would be futile. Accordingly, Plaintiff's complaint is dismissed without leave to replead.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: August 24, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge